UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EUGENE SIDNEY,

                        Plaintiff,

    -v.-                                          9:09-CV-1326
                                                             (GTS/ATB)
BRIAN S. FISCHER, *et al.*,

                        Defendants.

---

EUGENE SIDNEY, 09-A-0600, Plaintiff, *pro se*
CHRISTOPHER W. HALL, Assistant Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Liberally construed, plaintiff's Amended Complaint ("AC," Dkt. No. 15) asserts the following claims against six employees of the New York Department of Correctional Services ("DOCS"):[1] (1) a retaliation claim under the First Amendment; (2) an access-to-the-courts claim under the First Amendment; (3) a free-flow-of-mail claim under the First Amendment; (4) a claim of inadequate prison conditions under

---

[1] On April 1, 2011, DOCS and the New York State Division of Parole were merged into one agency, named the New York State Department of Corrections and Community Supervision. Because the events relevant to this suit occurred before the merger, I will refer to New York State's corrections agency as "DOCS."

the Eighth Amendment; (5) a due process claim relating to the filing of false misbehavior reports and the imposition of sanctions against the plaintiff under the Fourteenth Amendment; and (6) a conspiracy claim under 42 U.S.C. § 1983.  (Dkt. No. 29 at 6).[2]  Plaintiff seeks $150 million in damages, plus costs and disbursements. (AC ¶ 9, Dkt. No. 15 at 13).

Currently before the court is defendants' motion pursuant to 28 U.S.C. § 1915(g), seeking to revoke plaintiff's *in forma pauperis* status and conditionally dismiss the case.  (Dkt. No. 53).  Plaintiff filed a response (Dkt. No. 57) and a supplemental affidavit (Dkt. No. 78) in opposition to the motion.

Defendants argue that plaintiff has previously filed three federal actions or appeals that were dismissed under circumstances justifying dismissal of this action under the "three strikes" provision of Prison Litigation Reform Act (PLRA).  (Mem. of Law in Supp. of Deft.s' Mot. to Dismiss the Compl. at 2, Dkt. No. 53-2).  Having concluded that only two of plaintiff's prior actions or appeals qualify as "strikes" under section 1915(g), this court recommends that defendants' motion be denied.

## DISCUSSION

### A.     Three Strikes–Legal Standards

The "three strikes" section of the PLRA prohibits the filing of an action *in forma pauperis* when the plaintiff has had federal actions or appeals dismissed on at

---

[2] Judge Suddaby's Memorandum-Decision and Order dated December 16, 2010 cogently summarizes the procedural history of this case and patiently attempts to interpret the allegations of the Second Amended Complaint, which the court characterizes, with great charity, as "far from a model of clarity."  (Dkt. No. 29 at 2-3, 4-6)

least three prior occasions, either for failure to state a claim or for frivolousness. 28 U.S.C. § 1915(g). The purpose of § 1915(g) is to "stem the tide of egregiously meritless lawsuits" by "forcing prisoners to go through the same thought process non-inmates go through before filing a suit, *i.e.* is filing this suit worth the costs?" *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir.2007) (citations omitted).

Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

An action may be dismissed pursuant to section 1915(g), even if the court originally granted plaintiff *in forma pauperis* status. (Dkt. No. 29 at 10). *See, e.g., Gamble v. Maynard*, 9:06-CV-1543 (DNH/DEP), 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) (conditionally dismissing complaint under section 1915(g) and finding that *in forma pauperis* status was improvidently granted); *Luevano v. Clinton*, 5:10-CV-754 (GTS/ATB), 2010 WL 3338704, at *3 (N.D.N.Y. July 1, 2010). An action is "frivolous" for purposes of the statute if it "'lacks an arguable basis either in law or in fact.'" *Id*. at 442 (citation omitted). In determining whether a dismissal satisfies the failure to state a claim prong of the statute, courts have drawn upon the provisions of FED. R. CIV. P. 12(b)(6) for guidance, in light of the similarity in phrasing utilized in the two provisions. *Id*. The three strikes provision applies to cases that were

dismissed for failure to state a claim or for frivolousness even prior to the 1996 enactment of section 1915(g). *Welch v. Galie,* 207 F.3d 130, 132 (2d Cir. 2000).

A dismissal cannot count as a strike until after the opportunity to appeal has been exhausted or waived. *See, e.g.*, *Partee v. Connolly*, 08 Civ. 4007, 2009 WL 1788375, at *2 (S.D.N.Y. June 23, 2009) (collecting cases). If a district court dismisses an action on a ground specified in section 1915(g), and an appellate court simply affirms, together the decisions constitute a single strike. *Id.*; *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436-37 (D.C. Cir. 2007). However, when a district court dismisses an action for any of the reasons set forth under the three strikes statute, and if the subsequent appeal is dismissed as frivolous, then the two decisions count as separate strikes. *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) ("sequential dismissals on strike grounds can provide separate strikes under § 1915(g)").

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent action *in forma pauperis* unless the plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This exception to section 1915(g) has been interpreted to apply only if the plaintiff faces imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

**B.   Analysis**

As Judge Suddaby noted in his Decision and Order dated March 25, 2010, plaintiff had clearly acquired two strikes for purposes of the PLRA before he filed the

4

current action (on November 27, 2009). (Dkt. No. 12 at 6-7 n.2). Plaintiff incurred his first strike on May 20, 1996,[3] after filing a civil rights action in the Southern District of New York. *Sidney v. New York City Police Dep't,* 96-CV-3783 (S.D.N.Y. May 20, 1996) (Hall Attorney Affirmation, Exh. A, Dkt. No. 53-1 at 4-5). According to the docket entries in action 96-CV-3783,[4] the district court dismissed this action *sua sponte,* pursuant to 28 U.S.C. § 1915(d), and certified, under section 1915(a),[5] that "any appeal from this order would not be taken in good faith." (*Id.*, Dkt. No. 53-1 at 5). It is apparent that the court dismissed the action as "frivolous" pursuant to former section 1915(d),[6] which would bring the disposition within the three strikes provisions. In any event, the court's further certification that any appeal "would not be taken in good faith," has been held sufficient to clarify that a dismissal was on grounds specified in section 1915(g). See, e.g., *Martin v. Wallis*, 1:07-cv-175, 2008 WL 3471864, at *4 (D. Vt. Aug. 12, 2008) (citing *Chavis v. Curlee*, 9:06-CV-49 (LEK/GHL), 2008 WL 508694, at *2 (N.D.N.Y. Feb. 21, 2008) (certification by

---

[3] DOCS on-line Inmate Information data indicates that plaintiff Eugene Sidney has been in DOCS custody from January 26, 1994 to the present.

[4] The district court's order is not available in the electronic PACER system. This court may rely on the docket entries to determine whether PLRA's three-strikes limitation applies, so long as they indicate "with sufficient clarity" the grounds under which the prior suit was dismissed. *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010).

[5] The substance of former section 1915(a) now appears, in relevant part, at 28 U.S.C. § 1915(a)(3).

[6] Before it was amended, less than a month before the district court's order, Section 1915 (d) provided for dismissal of a case if the "allegation of poverty is untrue, or if . . . the action is frivolous or malicious." On April 26, 1996, subsection (d) was renumbered as subsection (e) and amended to its current form. It is apparent that the district judge was referencing the subsection of 1915 in its form prior to the 1996 amendment.

5

district judge that appeal would not be taken in good faith is a finding of frivolousness for purpose of § 1915(g)).

The second clear strike identified in Judge Suddaby's prior order related to an appeal filed by the plaintiff in the Second Circuit. *Sidney v. United States*, 06-2936-cv (2d Cir. Oct. 13, 2006) (Hall Attorney Affirmation, Exh. C, Dkt. No. 53-1 at 15). The appeal was dismissed for lacking "an arguable basis in fact or law," which brings it within the ambit of the three strikes provision. *See, e.g., Mills v. Fischer*, __ F.3d __, 11-276-pr, 2011 WL 2726053, at *1 (2d Cir. July 14, 2011) (appeal dismissed as lacking an arguable basis in fact and law counts as a strike); *Larocco v. Jackson*, 10 CV 1651, 2010 WL 5067825, at *3 (E.D.N.Y. Oct. 21, 2010).

The defendants argued that plaintiff incurred another strike in connection with the disposition in the district court action which preceded the appeal just discussed. *Sidney v. United States of America*, 03-CV-791S, 2006 WL 462100 (W.D.N.Y. Feb. 22, 2006) (Hall Attorney Affirmation, Exh. B, Dkt. No. 53-1 at 8-13). In this action, plaintiff attempted to recover taxes which he claimed that the Internal Revenue Service (IRS) erroneously assessed and collected from him. In February 2006, District Judge Skretny granted the IRS' motion for summary judgement and dismissed plaintiff's action for lack of subject matter jurisdiction. The court ruled that plaintiff failed to file a timely administrative claim for a refund with the IRS, which was a jurisdictional prerequisite to initiating a suit in federal court. 2006 WL 462100, at *3; Dkt. No. 53-1 at 12-13).

Plaintiff survived a prior motion to dismiss his tax refund action on the same

jurisdictional grounds on which Judge Skretny eventually granted summary judgment. 2005 WL 724142 (W.D.N.Y. Mar. 30, 2005). "[C]ourts have . . . held that a case decided at summary judgment generally does not qualify for a strike under § 1915." *Martin v. Wallis*, 2008 WL 3471864, at *4 (collecting cases); *Burgess v. Conway*, 631 F. Supp. 2d 280, 282 n.1 (W.D.N.Y. July 7, 2009 (citing, *inter alia*, *Thompson v. DEA*, 492 F.3d at 438 ("if the court dismisses the complaint on . . . a motion for summary judgment, the dismissal will not count as a strike"); *Lewis v. Healy*, 9:08-CV-148 (LEK/DEP), 2008 WL 5157194, at *5 n.6 (N.D.N.Y. Dec. 8, 2008).[7] Furthermore, some courts have held that a dismissal of an action for lack of subject matter jurisdiction does not qualify as a strike. *Thompson v. DEA*, 492 F.3d at 438; *Harden v. Harden*, 8:07CV68, 2007 WL 2257327, at *1 (D. Neb. Aug. 3, 2007). The fact that section 1915(g) explicitly includes dismissals for failure to state a claim–an obvious reference to FED. R. CIV. P. 12(b)(6)–but does not mention dismissals for lack of subject matter jurisdiction, supports the holding of *Thompson* and other courts that dismissals under Rule 12(b)(1) or Rule 56 based on jurisdictional defects do not count as strikes.

In his prior decision and order, Judge Suddaby considered whether another civil rights action filed by plaintiff in federal court, which was dismissed without prejudice

---

[7] In denying plaintiff's motion for reconsideration of the grant of summary judgment, Judge Skretny also discussed the lack of evidence marshaled by plaintiff to support his claim, and noted that he was "not entitled to judgment on the merits . . . ." 2006 WL 1144549, at *2 (W.D.N.Y. Apr. 28, 2006). The judge however never indicated that he was dismissing plaintiff's action for failure to state a claim or because it was frivolous. *See, e.g., Richardson v. Ray*, 402 F.App'x 775, 776 (4th Cir. 2010) (dismissal on summary judgment is not dismissal as frivolous or malicious, nor for failure to state a claim, and thus does not count as a strike).

for failure to exhaust administrative remedies, should count as plaintiff's third strike. (Dkt. No. 6 at 6-7 n.2). *Sidney v. Wilson*, 01-CV-10054, (S.D.N.Y. May 22, 2002). Following the dismissal of this action, under FED. R. CIV. P. 12(b)(1) & (b)(6), plaintiff successfully exhausted his administrative remedies, filed an new action based on the same incident, survived dispositive motions, won a judgment of nominal damages after trial, and unsuccessfully appealed the result of the trial.[8] As Judge Suddaby notes, the Second Circuit has suggested that a dismissal, without prejudice, for failure to exhaust administrative remedies should not count as a strike under section 1915(g). *See Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("[W]e believe that 'fail[ure] to state a claim,' as used in Sections 1997e(c) and 1915(g) of the PLRA, does not include failure to exhaust administrative remedies–at least absent a finding that the failure to exhaust permanently bars the suit. However, we need not decide this question."); *accord, Tafari v. Hues*, 473 F.3d 440, 442-43 (2d Cir. 2007). Judge Suddaby invited the defendants to brief whether the Supreme Court's decision in *Jones v. Block*, 549 U.S. 199, 213-16, 127 S. Ct. 910, 920-21 (2007) undercut the Second Circuit's reasoning in *Snider* and *Tafari*, which the defendants chose not to do. In the absence of such briefing, and given that other courts in this Circuit still apply *Tafari* for the proposition that dismissal for failure to exhaust does not qualify

---

[8] *See Sidney v. Wilson*, 03 Civ. 0830, 228 F.R.D. 517, 518 n.3 (S.D.N.Y. 2005) (discussing prior complaint involving the same incident, which was dismissed, without prejudice, for failure to exhaust); 2007 WL 4208626 (S.D.N.Y. June 24, 2005) (denying summary judgment motion, with respect to one defendant, on Eighth Amendment excessive force claim); 1/15/2010 Judgment (awarding plaintiff Sidney nominal damages) (S.D.N.Y. Case 1:03-cv-830, Dkt. No. 98). *See also Sidney v. Wilson*, 3/2/2011 Mandate (finding appellant Sidney's notice of appeal untimely and dismissing appeal for lack of jurisdiction) (2d Cir. Case 10-1814, Dkt. No. 50).

as a strike, *see, e.g., Burgess v. Conway*, 631 F. Supp. 2d at 282 n.1, this court will not consider the initial dismissal in *Sidney v. Wilson* as plaintiff's third strike under the PLRA.

Accordingly, the court concludes that the plaintiff has only two prior actions or appeals that count as "strikes" under Section 1915(g) and that his action is not subject to dismissal under that provision of the PLRA.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g) (Dkt. No. 53) be **DENIED**, and it is further

**RECOMMENDED**, that if the District Court adopts this recommendation, the defendants be ordered to answer or otherwise respond to plaintiff's Amended Complaint within thirty (30) days of the District Court's Order.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**Dated:  August 8, 2011**

Hon. Andrew T. Baxter
U.S. Magistrate Judge