UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUGENE SIDNEY,

                            Plaintiff,

v.                                                     9:09-CV-1326
                                                           (GTS/ATB)

T.L. CARON, Corrections Counselor, Upstate
Correctional Facility; T. TYNON, Senior Corrections
Counselor, Upstate Correctional Facility; M. LIRA,
Deputy Superintendent for Program Services, Upstate
Correctional Facility; BRIAN S. FISCHER,
Commissioner, NYS DOCS; MR. J. BELLNIER;
and MR. RANIERI,

                            Defendants.
_____

APPEARANCES:

EUGENE SIDNEY, 94-A-0600
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                        CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Eugene Sidney ("Plaintiff") against the six above-captioned individuals ("Defendants"), are the following: (1) Defendants' motion to dismiss Plaintiff's Amended Complaint, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff having acquired three strikes before commencing this action,

and not demonstrating the applicability of the imminent-danger exception (Dkt. No. 53); and (2) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion be denied (Dkt. No. 87); (3) Plaintiff's fifth and sixth motions for appointment of counsel (Dkt. Nos. 90, 91).[1]  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is denied; and Plaintiff's fifth and sixth motions for appointment of counsel are denied without prejudice.

## I.  RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on November 27, 2009.  (Dkt. No. 1.)  On April 23, 2010, Plaintiff submitted an Amended Complaint.  (Dkt. No. 15.)  Construed with the utmost of liberality, Plaintiff's Amended Complaint alleges that, while he was incarcerated at Upstate Correctional Facility in Malone, New York, Defendants violated his rights under the First, Eighth and/or Fourteenth Amendments to the United States Constitution in the following respects: (1) Defendants issued false misbehavior reports against him in retaliation for his engaging in protected activity; (2) Defendants violated his due process rights by issuing false misbehavior reports, and imposing sanctions, against him; (3) Defendants impeded his ability to file grievances; (4) Defendants disrupted the free-flow of his mail; (5) Defendants subjected him to inadequate conditions of confinement; and (6) Defendants conspired to deny him his constitutional rights.  (*See generally* Dkt. No. 15 [Plf.'s Am. Compl.].)  Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this

---

[1]  Plaintiff's first motion for the appointment of counsel was denied on April 1, 2010.  (Dkt. Nos. 11, 13.)  Plaintiff's second motion for the appointment of counsel was denied on December 6, 2010.  (Dkt. Nos. 27, 29.)  Plaintiff's third motion for the appointment of counsel was denied on March 2, 2011.  (Dkt. Nos. 52, 56.)  Plaintiff's fourth motion for the appointment of counsel was denied on May 15, 2011.  (Dkt. Nos. 66, 72.)

Decision and Order, which is intended primarily for review by the parties.

On February 20, 2011, Defendants filed a motion to dismiss, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff having accumulated "three strikes" under the Prison Litigation Reform Act ("PLRA"). (Dkt. No. 53.)

On March 10, 2011, Plaintiff submitted a response in opposition to Defendants' motion. (Dkt. No. 57.) In his response, Plaintiff "does not foolishly contest the three exhibiting samples defendats have put forth in their moving papers [as demonstrating three strikes,]" but instead argues that he has alleged facts plausibly suggesting that the imminent danger exception applies to one or more of his claims. (*Id*.)

On August 8, 2011, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendants' motion be denied, finding that a review of Plaintiff's litigation history revealed that Plaintiff has acquired only two strikes. (Dkt. No. 87.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, or where the

---

[2] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Legal Standard Governing a Motion to Dismiss pursuant to 28 U.S.C. § 1915(g)

Magistrate Judge Baxter correctly recited the legal standard governing motions to dismiss pursuant to 28 U.S.C. § 1915(g). (Dkt. No. 87.) As a result, this standard is incorporated by reference in this Decision and Order.

## III.  ANALYSIS

### A.  Defendants' Motion to Dismiss

As an initial matter, neither party has filed objections to the Report-Recommendation. As a result, the Court need review the Report-Recommendation for only clear error.

---

[3]  *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 87.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

### B.   Plaintiff's Two Motions for Appointment of Counsel

Plaintiff has filed two motions for appointment of counsel. (Dkt. Nos. 90, 91.) For substantially the same reasons that his first four motions for appointment of counsel were denied without prejudice, his current two motions for appointment of counsel are denied without prejudice. (*See generally* Dkt. Nos. 13, 29, 56, 72.) More specifically, after carefully reviewing the file in this action, the Court finds as follows: (1) it appears as though, to date, Plaintiff has been able to effectively litigate this action; (2) it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants), it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any further dispositive motions); and (4) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

For these reasons, Plaintiff's two motions for appointment of counsel are denied without prejudice. Plaintiff may renew his motion at a later time. However, Plaintiff is cautioned that the Court has repeatedly advised him that (1) a motion for counsel is premature when an answer has not yet been filed (which has not yet occurred in this action), and (2) he may file another motion

for appointment of counsel only upon a change in circumstances or at a time closer to a trial in this action.  (*See generally* Dkt. Nos. 13, 29, 56, 72.)  However, Plaintiff has repeatedly flouted the Court's directives, and has continued to file premature and unmerited motions for appointment for counsel.  (*See generally* Dkt. Nos. 27, 52, 66, 90, 91.)

A litigant may not avoid his or her obligations under Fed. R. Civ. P. 11(b)(1) and 16(f)(1)(C) simply because he or she is proceeding *pro se*.  The Court has the inherent authority to manage its docket, which has become clogged with Plaintiff's frivolous filings.  <u>As a result, Plaintiff may file a seventh motion for counsel only at the time of any trial in this action.  Any other motion for counsel shall be struck by the Clerk's Office without further Order of this Court.</u>

### C. Plaintiff's Other Submissions

It bears noting that Plaintiff's vexatious motion practice has not been restricted to filing premature and unmerited motions for appointment of counsel.  During the course of this action, Plaintiff has filed more than ten documents that attempt–in a piecemeal fashion in violation of Local Rule 7.1–to substantiate his efforts to find *pro bono* counsel.  (*See, e.g.*, Dkt. Nos. 60, 61, 63, 64, 67, 69, 70, 71, 73, 88.)  Over a period of less than 17 months, he has filed some 21 requests for courtesy copies of the docket sheet (each of which has been honored).  (Dkt. Nos. 10, 18, 19, 20, 23, 25, 27, 31, 46, 50, 55, 59, 62, 65, 68, 74, 76, 79, 85, 86, 89.)  In addition, he has filed more than 12 documents that either (1) fail to state the relief sought and the specific grounds therefor, as required by Fed. R. Civ. P. 7(b)(1) and Local Rule 7.1(a), and to submit that request in the form required by the Local Rule 7.1, or (2) in a piecemeal fashion only obliquely, if at all, relate to a motion in this action.  (*See, e.g.*, Dkt. Nos. 28, 43, 47, 48, 49, 58, 75, 77, 82, 83, 84, 96.)  Finally, he has filed four documents that attempt to improperly supplement, during the phase for Objections to Magistrate Judge Baxter's Report-Recommendation, the record on Defendants'

motion. (Dkt. Nos. 92, 93, 94, 95.)[4]  While the Court sees little utility in striking these submissions at this point, <u>the Court advises Plaintiff that, if he continues to engage in such a vexatious motion practice, he will be subject to sanctions, which may include the dismissal of his action</u>.  Plaintiff is directed to consulted the *Pro Se* Handbook and Local Rules of Practice, which were provided to him on December 4, 2009, and which are also on file at his correctional facility.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 87) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 53) is **DENIED**; and it is further

**ORDERED** that Defendants must file an Answer or otherwise respond to Plaintiff's Amended Complaint within thirty (30) days of this Decision and Order; and it is further

**ORDERED** that Plaintiff's two motions for appointment of counsel (Dkt. Nos. 90, 91) are **DENIED** without prejudice.  **Plaintiff may file a seventh motion for counsel only at the time of any trial in this action.  Any other motion for counsel shall be struck by the Clerk's Office without further Order of this Court.  In addition, Plaintiff is advised that, if he continues to engage in a vexatious motion practice, he will be subject to sanctions, which may include the dismissal of his action.**

Dated: September 26, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

    [4]    The Court notes that three documents in question were dated September 8 and 12, 2011, while the deadline for Objections to Magistrate Judge Baxter's Report-Recommendation was August 22, 2011.  (Dkt. Nos. 87, 92-94.)