UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUGENE SIDNEY,

                        Plaintiff,

                                                                               9:09-CV-1326
v.                                                                             (GTS/ATB)

T.L. CARON, Corr. Counselor, Upstate Corr. Facility;
T. TYNON, Senior Corr. Counselor, Upstate Corr.
Facility; M. LIRA, Deputy Superintendent for Program Svcs.,
Upstate Corr. Facility; BRIAN S. FISCHER, Comm'r;
MR. J. BELLNIER; and MR. RANIERI,

                        Defendants.
_____

APPEARANCES:

EUGENE SIDNEY, 94-A-0600
    Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN          MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York   Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Eugene Sidney ("Plaintiff") against the six above-named Defendants, are (1) Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim and/or motion for summary judgment (Dkt. No. 100), (2) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion be granted (Dkt. No. 110), and (3)

Plaintiff's Objection to the Report-Recommendation (Dkt. No. 111).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted; and Plaintiff's Amended Complaint is dismissed in its entirety.

## I.    RELEVANT BACKGROUND

### A.    Claims Asserted in Plaintiff's Amended Complaint

Plaintiff filed his Complaint in this action on November 27, 2009.  (Dkt. No. 1.)  On April 23, 2010, Plaintiff filed an Amended Complaint.  (Dkt. No. 15.)  Construed with the utmost of liberality, Plaintiff's Amended Complaint alleges that, while he was incarcerated at Upstate Correctional Facility in Malone, New York, Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution in the following manner: (1) Defendants issued false misbehavior reports against him in retaliation for engaging in protected activity; (2) Defendants violated his due process rights by issuing false misbehavior reports, and imposing sanctions (including dietary restrictions), against him; (3) Defendants interfered with his ability to file grievances; (4) Defendants disrupted the free-flow of his mail; (5) by imposing "food loaf" sanctions on him, Defendants subjected him to inadequate conditions of confinement; and (6) Defendants conspired to deny him his constitutional rights. (*See generally* Dkt. No. 15 [Plf.'s Am. Compl.]).  Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.

**B.     Parties' Briefing on Defendants' Motion**

On September 27, 2011, Defendants filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim and/or for motion for summary judgment. (Dkt. No. 100.) Generally, in support of their motion, Defendants assert the following eight arguments: (1) Plaintiff has failed to allege facts plausibly suggesting a claim for retaliation;[1] (2) Plaintiff has failed to allege facts plausibly suggesting a claim for the denial of his right of access to the courts; (3) Plaintiff has failed to allege facts plausibly suggesting a claim for the denial of his right to the free flow of mail; (4) Plaintiff has failed to allege facts plausibly suggesting a claim for the denial of his right to procedural due process; (5) Plaintiff has failed to allege facts plausibly suggesting a claim of inadequate prison conditions; (6) Plaintiff has failed to allege facts plausibly suggesting a claim of conspiracy; (7) in any event, Plaintiff has failed to allege facts plausibly suggesting the personal involvement of Defendants Bellnier, Fischer, Lira, and Tynon in the constitutional violations alleged; and (8) in any event, based on the record evidence before the Court, Plaintiff

---

[1] Because the documents relied on by this argument (i.e., the Negative Correspondence List and 14 Misbehavior Reports issued by Defendant Caron) were incorporated by referenced into Plaintiff's Amended Complaint, adduced by Defendants on their motion, and not disputed by Plaintiff in his opposition, the Court may, and does, construe them in deciding Defendants' motion to dismiss for failure to state a claim. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; accord, *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam).

failed to exhaust his available administrative remedies before filing his Amended Complaint. (Dkt. No. 100, Attach. 5 [Defs. Memo. of Law].)

On October 24, 2011, Plaintiff filed a response to Defendants' motion. (Dkt. No. 106.) Generally, in his response, Plaintiff asserts the following four arguments: (1) the Court need only make a telephone call, or send "an efficient communicat[ion]," to the "Public Integrity Bureau" in order to confirm that Plaintiff's conspiracy claim has merit; (2) the doctrine of *res judicata* bars the dismissal of Plaintiff's due process claims, given a hearing officer's prior dismissal of Defendant Caron's fourteenth misbehavior report; (3) based on the record evidence before the Court, Defendants Bellnier, Fischer, Lira, and Tynon were personally involved in the constitutional violations alleged; (4) based on the record evidence before the Court (e.g., which shows that his wife never called DOCCS to complain about his calling her), Plaintiff has established viable claims the denial of his right to procedural due process, and the denial of adequate prison conditions; and (5) based in part on the (purported) fact that a second grievance was "pilfered by theivery hands," Plaintiff exhausted his available administrative remedies before filing his Amended Complaint. (*Id.*)[2]

On November 8, 2011, Defendants filed their reply to Plaintiff's response. (Dkt. No. 108.) Generally, in their reply, Defendants assert the following six arguments: (1) Plaintiff's conspiracy argument should be rejected because it addresses the wrong conspiracy, addressing an

---

[2] As part of his response to Defendants' motion, Plaintiff filed a memorandum of law that totals thirty-five pages (Dkt. No. 106, at 7-41), which exceeds the page limit allowed by the Local Rules of Practice for this Court. More specifically, Local Rule 7.1(a)(1) instructs that "[n]o party shall file . . . a memorandum of law that exceeds twenty-five (25) pages . . . ." N.D.N.Y L.R. 7.1(a)(1). Out of special solicitude to Plaintiff as a pro se civil rights litigant, Magistrate Judge Baxter accepted that memorandum of law for filing. The undersigned does the same.

earlier alleged conspiracy that does not give rise to a claim in Plaintiff's Amended Complaint; (2) because Plaintiff has failed to oppose Defendants' motion on the access-to-courts claim, the free-flow-of-mail claim, and the *relevant* conspiracy claim, these three claims should be summarily dismissed; (3) because Plaintiff has conceded that he received and signed a copy of the negative correspondence list before the issuance of any misbehavior reports, he has has failed to allege facts plausibly suggesting a claim for retaliation; (4) under the circumstances, the dismissal of Defendant Caron's fourteenth misbehavior report (which did not address any of the prior such misbehavior reports) does not preclude Plaintiff's current procedural due process claim pursuant to the doctrine of *res judicata*; (5) none of the record evidence cited by Plaintiff is a sufficient basis on which a rational fact finder could conclude that Defendants Bellnier, Fischer, Lira, and Tynon were personally involved in the constitutional violations alleged; and (6) because Plaintiff does not argue that any Defendant stole the purported second grievance (or describe the contents of it, or argue that he attempted to refile it), Plaintiff failed to exhaust his available administrative remedies before filing his Amended Complaint. (*Id.*)

      **C.**      **Magistrate Judge Baxter's Report-Recommendation**

On January 3, 2012, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendants' motion be granted. (Dkt. No. 110.) Generally, in his Report-Recommendation, Magistrate Judge Baxter made the following two findings: (1) based on the record evidence, Plaintiff's claims for retaliation, the denial of his right of access to the courts, the denial of his right to adequate conditions of confinement, and conspiracy should be dismissed based on Plaintiff's failure to exhaust his available administrative remedies before filing his Amended Complaint; and (2) because Plaintiff failed to allege facts plausibly suggesting a

procedural due process claim and free-flow-of-mail claim, those claims should be dismissed. (*Id*.) Familiarity with the grounds supporting Magistrate Judge Baxter's Report-Recommendation is assumed in this Decision and Order. (*Id*.)

### D. Plaintiff's Objections

On January 12, 2012, Plaintiff filed his Objection to the Report-Recommendation. (Dkt. No. 111.) Liberally construed, Plaintiff's Objection, which asserts 15 inter-related challenges to the Report-Recommendation, essentially assert the following four arguments: (1) Magistrate Judge Baxter erred by overlooking the record evidence that Plaintiff's second grievance was lost or stolen (e.g., Plaintiff's affidavit of October 29, 2009), which shows that he exhausted his available administrative remedies with regard to his claims of retaliation, the denial of his right of access to the courts, the denial of his right to adequate conditions of confinement, and conspiracy; (2) Magistrate Judge Baxter erred by overlooking the record evidence that his wife never called DOCCS to complain about Plaintiff writing her, which shows that Defendants' negative correspondence report was issued without justification, warranting the survival of Plaintiff's procedural due process claim; (3) Magistrate Judge Baxter erred by not acting on Plaintiff's suggestion that the Court contact the an Assistant Attorney General for the State of New York to confirm that Plaintiff's conspiracy claim has merit; and (4) Magistrate Judge Baxter erred by overlooking the record evidence that Defendants Bellnier, Fischer, Lira, and Tynon were personally involved in the constitutional violations alleged. (*Id.* at 1-15.) In addition, in support of his Objections, Plaintiff attempts to submit 14 pages of exhibits. (Dkt. No. 111, at Attach. 2.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

---

[3]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[7]

---

[5]  *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Legal Standard Governing a Motion to Dismiss pursuant to 28 U.S.C. § 1915(g)

Because Magistrate Judge Baxter correctly recited the legal standard governing motions to dismiss pursuant to 28 U.S.C. § 1915(g) in his Report-Recommendation, that standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties. (Dkt. No. 110 at 6-7.)

### C.  Legal Standard Governing a Motion for Summary Judgment

Because Magistrate Judge Baxter correctly recited the legal standard governing motions for summary judgment in his Report-Recommendation, that standard is incorporated by reference in this Decision and Order, which again is intended primarily for the review of the parties. (Dkt. No. 110 at 7-9.)

## III.  ANALYSIS

Even when construed with the utmost of special liberality, Plaintiff's Objection merely reiterates the same arguments Plaintiff previously presented in his prior submissions to the Court. (*Compare* Dkt. No. 111 [Plf.'s Obj.] *with* Dkt. No. 106 [Plf.'s Opp'n Memo. of Law].) As explained above in Part II.A. above of this Decision and Order, when an objection merely reiterates the same arguments made by the objecting party in its original papers, the Court subjects that portion of the Report-Recommendation challenged by those arguments to only a clear error review.

Here, after carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 110.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only the following eight brief points. First, Magistrate Judge Baxter's thorough and correct Report-Recommendation would survive even a de novo review.

Second, in his opposition memorandum of law, Plaintiff failed to respond to Defendants' arguments regarding his access-to-courts and free-flow-of-mail claims. (*Compare* Dkt. No. 100, Attach. 5, at 10-12 [attaching pages "8" through "10" of Defs.' Memo. of Law] *with* Dkt. No. 106 [Plf.'s Opp'n Memo. of Law].) As a result, Defendants' burden as to those arguments "is lightened such that, in order to succeed, [Defendants] need only show the facial merit of [their] request." *Rescuecom Corp. v. Chumley,* 07-CV-0690, 2011 WL 2791272, at *3 & n.4 (N.D.N.Y. July 14, 2011) (Suddaby, J.). Here, for the reasons stated in Defendants' memorandum of law, the Court finds that Defendants have met this lightened burden. (Dkt. No. 100, Attach. 5 at 10-12, 16-18.) In any event, even if the Court were to subject Defendants arguments regarding Plaintiff's access-to-courts and free-flow-of-mail claims to the more rigorous scrutiny appropriate for a contested motion, the Court would find that those argument survive that scrutiny.

Third, the Court reaches the same failure-to-respond conclusion with regard to Plaintiff's retaliation claim. Moreover, even if Plaintiff's opposition papers could somehow be liberally construed as asserting an argument with regard to that claim, the Court would find that Plaintiff's

own arguments concede that it was the unidentified "master impostor," not Plaintiff's exercise of an First Amendment right, that caused Defendant Caron to file the misbehavior reports in question. (*See, e.g.,* Dkt. No. 106, at 9, 14 [attaching pages "ix" and "xiv" of Plf.'s Opp'n Memo. of Law].)

Fourth, Plaintiff's claims against Defendants Bellnier, Fischer, Lira, and Tynon are dismissed on the alternative ground that, even when construed with the utmost of special liberality, Plaintiff's Amended Complaint fails to allege facts plausibly suggesting that those Defendants were personally involved in any of the constitutional violations alleged. The Court reaches this conclusion for the reasons stated in Defendants' memorandum of law. (Dkt. No. 100, Attach. 5 at 18-19.) The Court notes that Plaintiff's Amended Complaint contains only three allegations regarding Defendants Bellnier, Fischer, Lira, and Tynon: (1) that Plaintiff filed his two grievances with Defendant Fischer, the first of which was "notably filed without any difficulty," but the second of which went missing (Dkt. No. 15 at 8); (2) that Plaintiff sent additional "writings" to Defendants Fischer, Bellnier, Lira, and Ranieri asking them to "please stop psychologically humiliating [him] with insurmountable S.H.U. sanctions" (*id.* at 9); and (3) that Defendants Lira and Fischer received Plaintiff's complaints, but failed to respond. (*Id.* at 11.) At most, these allegations allege that Defendants Fischer, Bellnier, Lira, and Tynon failed to respond to Plaintiff's complaints. It is well settled, however, that supervisory officials (like these four Defendants) cannot be found personally involved in an alleged constitutional deprivation simply because they failed to respond to a plaintiff's complaint.[8] The Court also notes that

---

[8] *See Bodie v. Morgenthau*, 342 F. Supp.2d 193, 203 (S.D.N.Y. 2004) (finding personal involvement only where a supervisory official received, reviewed, and responded to a prisoner's complaint); *Johnson v. Wright*, 234 F. Supp.2d 352, 363 (S.D.N.Y. 2002) ("[I]f mere

Plaintiff's entire response to this failure-to-state-a-claim argument is based on *record* evidence, which may not be considered on such a motion.[9]

Fifth, Plaintiff due process and conditions-of-confinement claims are dismissed on the alternative ground that his response to Defendants' failure-to-state-a-claim arguments regarding those claims are also based entirely on *record* evidence, which may not be considered on such a motion. *See, supra*, note 9 of this Decision and Order.

Sixth, the Court accepts Defendants' failure-to-exhaust argument on the alternative ground that, even if Plaintiff did submit a second grievance that was subsequently not filed, he had the ability–and the duty–to file an appeal regarding the non-processing of that grievance.[10]

---

receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black letter law that [42 U.S.C.] § 1983 does not impose *respondeat superior* liability.").

[9]     *See Fahs Const. Group, Inc. v. Gray*, 10-CV-0129, 2012 WL 2873532, at *3-5 (N.D.N.Y. July 12, 2012) (rejecting plaintiff's reliance on evidence to support his argument that his complaint states an actionable claim).

[10]    *See*, *e.g.*, *Murray v. Palmer*, 03-CV-1010, 2008 WL 2522324, at *15, 18 & n.46 (N.D.N.Y. June 20, 2008) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.) ("[E]ven if Great Meadow C.F. did not (during the time in question) have a functioning grievance-recording process (thus, resulting in Plaintiff's alleged grievance never being responded to), Plaintiff still had the duty to appeal that non-response to the next level."), *accord*, *Midalgo v. Bass*, 03-CV-1128, 2006 WL 2795332, at *7 (N.D.N.Y. Sept.26, 2006) (Mordue, C.J., adopting Report-Recommendation of Treece, M.J.) (observing that plaintiff was "requir[ed]" to seek an appeal to the superintendent, even though he never received a response to his grievance of April 26, 2003, which was never assigned a grievance number); *Collins v. Cunningham,* 06-CV-0420, 2009 WL 2163214, at *3, 6 (W.D.N.Y. July 20, 2009) (rejecting plaintiff's argument that his administrative remedies were not available to him where his grievance of March 20, 2004, was not assigned a grievance number); *Wesley v. Hardy*, 05-CV-6492, 2006 WL 3898199, at *4 (S.D.N.Y. Dec. 12, 2006) ("If a prisoner submits a grievance and receives no response, he cannot be considered to have been actively obstructed or frustrated, as he is free to appeal to the next level of review."), *accord*, *Walters v. Carpenter*, 2004 WL 1403301, at *3 (S.D.N.Y. June 22, 2004); *Veloz v. New York*, 339 F. Supp.2d 505, 515-16 (S.D.N.Y.2004) (rejecting inmate's argument that the prison's grievance procedure had been rendered unavailable to him by the practice of prison officials' losing or destroying his

Seventh, because the documents submitted by Plaintiff in support of his Objection were not submitted to Magistrate Judge Baxter for his consideration when addressing Defendants' motion, the Court declines to permit Plaintiff to so supplement the record during his Objection. Plaintiff's grievance of September 14, 2009 (Dkt. No. 111, Attach. 2, at 1-8) was not included in the record evidence submitted by Plaintiff to Magistrate Judge Baxter (*see* Dkt. No. 106, Attach. 3, at 1-56).[11]  Plaintiff's letter of August 9, 2010, to Brian Fischer (Dkt. No. 111, Attach. 2, at 9-13), was not included in the record evidence submitted by Plaintiff to Magistrate Judge Baxter (*see* Dkt. No. 106, Attach. 3, at 1-56).[12]  Plaintiff's "Undisputed Sworn Affidavit of Material Fact" dated September 6, 2011 (Dkt. No. 111, Attach. 2, at 13) was not included in the record evidence submitted by Plaintiff to Magistrate Judge Baxter (*see* Dkt. No. 106, Attach. 3, at 1-56).

---

grievances, because, *inter alia*, he should have "appeal[ed] these claims to the next level once it became clear to him that a response to his initial filing was not forthcoming"); *Hernandez v. Coffey*, 99-CV-11615, 2003 WL 22241431, at *4 (S.D.N.Y. Sept. 29, 2003) (rejecting plaintiff's argument that he could not have exhausted because he never received a grievance number, finding he could nonetheless have appealed any such non-response to the next level); *Reyes v. Punzal*, 206 F. Supp.2d 431, 433 (W.D.N.Y. 2002) ("Even assuming that plaintiff never received a response to his grievance, he had further administrative avenues of relief open to him."); *Hemphill v. New York*, 198 F. Supp.2d 546, 549 (S.D.N.Y. 2002) ("Had plaintiff utilized this procedure, any failure by Artus to render a decision on his matter within twelve working days could have been appealed to Albany, thus completing the grievance cycle and exhausting his remedies in a matter of weeks."), *vacated and remanded on other grounds*, 380 F.3d 680 (2d Cir. 2004); *cf. Hernandez v. Coffey*, 582 F.3d 303, 305, 309, n. 3 (2d Cir.2009) ("Our ruling in no way suggests that we agree with Hernandez's arguments regarding exhaustion or justification for failure to exhaust [which included an argument that the Inmate Grievance Program was not available to him because, when he filed a grievance at the first stage of the Program, he received no response and his grievance was not assigned a grievance number].").

[11]    Nor would the Court's consideration of that grievance change the outcome of this Decision and Order, for the reasons stated by Magistrate Judge Baxter. (Dkt. No. 110, at 5, 13-15, 19.)

[12]    Nor is that letter even material, given that (1) it was sent after April 12, 2010, the date of Plaintiff's Amended Complaint (Dkt. No. 15, at 13), and (2) in any event, exhaustion of administrative remedies must occur prior to the filing of the Amended Complaint.

Finally, Plaintiff's "Lits of dated Responses or Responses from (D.O.C.S.) Central Office" dated December 30, 2011 (Dkt. No. 111, Attach. 2, at 14) was not included in the record evidence submitted by Plaintiff to Magistrate Judge Baxter (*see* Dkt. No. 106, Attach. 3, at 1-56). Indeed, it post-dated the date on which he submitted that response (October 24, 2011), by more than two months.

The Second Circuit recognizes that the decision of whether or not to accept such evidence rests in the sound discretion of the district court.[13] In exercising that discretion, a district court should considers factors such as efficiency and fairness.[14] With regard to the efficiency consideration, the Court finds that permitting Plaintiff (during his Objection) to adduce evidence that was not presented before Magistrate Judge Baxter would be an inefficient use of judicial resources, and indeed would frustrate the purpose of the Magistrates Act."[15] With regard to the fairness consideration, the Court finds that the relevant factors weigh decidedly against granting

---

[13] *See*, *e.g.*, *Hynes v. Squillance*, 143 F.3d 653, 656 (2d Cir. 1998) ("[W]e have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review.") (affirming decision by Scullin, J.) [citations omitted].

[14] *See Hynes*, 143 F.3d at 565 ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration . . . .").

[15] *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

him permission to amend the record.[16] For example, Plaintiff has had a full and fair opportunity to be heard on his claims, including a full and fair opportunity to (1) conduct discovery in this matter, and (2) respond with evidence and argument to Defendants' motion for summary judgment.[17] Defendants are entitled to have their motion decided on a level playing field, based on evidence and arguments to which they could properly reply.

Eighth, and finally, because Plaintiff already filed an Amended Complaint, the Court need not, and does not, afford him a further opportunity to amend his procedural due process claim and

---

[16] The Fifth Circuit has suggested four factors that a court might consider in deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F,3d 847, 862 (5th Cir. 2003) [citation omitted]. Generally, these fairness factors are considered by Courts within the Second Circuit. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted].

[17] The Court notes this action has been pending now since November 27, 2009, long past the eighteen months envisioned by Congress when the Civil Justice Reform Act of 1990 was passed. *See Adelman v. Hobbie*, 03-CV-0032, 2006 WL 2639359, at *8 (N.D.N.Y. Sept. 13, 2006) (Sharpe, J., adopting Report-Recommendation by Treece, M.J.) (dismissing *pro se* civil rights action for failure to prosecute under Rule 41[b] in part because "[o]ver three years has passed since this litigation was commenced, well past the eighteen months envisioned by Congress when the Civil Justice Reform Act of 1990 was instituted").

free-flow-of-mail claim before dismissing them for failure to state a claim upon which relief can be granted. *See Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009); *accord*, *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[18]

---

[18] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Dyson v. N.Y. Health Care, Inc .,* 353 F. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice. . . . [T]he district court afforded Dyson three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of *pro se* plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 F. App'x 90 (2d Cir. 2003); *Payne v. Malemathew,* 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, nothwithstanding Plaintiff's pro se status, leave to amend yet again is denied."); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) ("While that failure to plead special damages with respect to the other alleged representations in theory might be cured by amendment, plaintiff already has amended once and has not sought leave to amend again. Accordingly, the fraud claims will be dismissed except to the limited extend indicated.").

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 110) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim and/or motion for summary judgment (Dkt. No. 100) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 15) is **DISMISSED** in its entirety.

Dated: September 25, 2012
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge